UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division

**ANDRE WELLS**                                    **PLAINTIFF**

V.                                                 Case no. 3:20-CV-115-TSL-RHW

**MILLSAPS COLLEGE**                               **DEFENDANT.**

[Filed stamp: SOUTHERN DISTRICT OF MISSISSIPPI FILED FEB 28 2020 ARTHUR JOHNSTON BY _____ DEPUTY]

## COMPLAINT

COMES NOW Plaintiff, ANDRE WELLS, by and through undersigned counsel and hereby brings this civil action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq for failure to pay overtime and for retaliation.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq and pursuant to 28 U.S.C. § 1391(b).

2. Venue is proper in the Southern District of Mississippi because Plaintiff worked in this District, Defendant Millsaps is located in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

### NATURE OF THIS ACTION

3. This is an action brought pursuant to the FLSA to obtain relief for Plaintiff.

4. This action is brought by Plaintiff to secure damages to remedy Defendant's violations of federal law by failing to adequately compensate Plaintiff for the hours he worked, and to

secure compensatory and punitive damages to remedy Defendant's commission of unlawful retaliation for Plaintiff's assertion of his protected rights under federal employment laws.

## PARTIES

5. Plaintiff ANDRE WELLS ("Plaintiff or Mr. Wells") is a currently resides in Jackson, Mississippi. Plaintiff was employed as a security officer on the Jackson, Mississippi campus of Defendant MILLSAPS COLLEGE ("Defendant or Millsaps College") from about March 1, 2016 to March 7, 2018 and was at all relevant times a non- exempt employee.

6. Defendant MILLSAPS COLLEGE is, is an accredited, liberal arts college in Jackson, Mississippi which was founded by members of the Methodist Church in 1890. Defendant purports to provide a broad exploration of the humanities, sciences, social sciences, and business. Defendant can be served with process through its registered agent, William Goodman, Jr. at 400 E. Capitol Street #300, Jackson, Mississippi 39201.

## FACTS COMMON TO ALL COUNTS

7. On or about March 1, 2016, Plaintiff began employment with Defendant as a campus security officer in the Department of Campus Safety.

8. A few months after he started in this position, Plaintiff's supervisor, Lt. Clyde Johnson, requested that he work additional shifts. Working additional shifts required Plaintiff to work overtime hours. Plaintiff then began to regularly work more than forty (40) hours in a work week.

9. Plaintiff received his first check after working the additional shifts and noticed that he had not been paid correctly for the overtime hours he worked during the pay period. Plaintiff's overtime hours had been paid at his regular rate.

10. Plaintiff reported this discrepancy in his payment to his supervisor Lt. Clyde Johnson and to the Director of Human Resources Julie Daniels. At that time, Plaintiff was told there was something wrong with the computer and that he would receive his correct pay in approximately two (2) weeks.

11. Plaintiff did eventually receive his corrected pay for that pay period, however Defendant's practice of failing to pay Plaintiff's overtime hours at the overtime rate continued.

12. Plaintiff received multiple paychecks in 2016, 2017 and in 2018 where overtime hours are incorrectly paid at Plaintiff's regular pay rate. Plaintiff is not exempt from the FLSA because he is paid on an hourly basis and should be compensated for appropriate overtime.

13. As this practice continued, Plaintiff made multiple complaints about the failure to correctly pay overtime to his Supervisor, to Department Commander John Conway and to Ms. Daniels. Plaintiff even spoke with several other campus security officers who stated they also had discrepancies in their overtime pay. Despite this, Mr. Conway told Plaintiff that there was nothing wrong with his checks and overtime was paid every third week.

14. On or about November 2, 2017, Plaintiff once again spoke with Lt. Johnson regarding Defendant's failure to correctly pay his overtime pay. Lt. Johnson responded that Plaintiff had not worked more that forty (40) hours during the particular pay period in question and therefore was not entitled to overtime compensation. Defendant did not address previous weeks in which Plaintiff had in fact worked overtime hours.

15. Less than two (2) weeks later, on or about November 14, 2017, Defendant suspended the Plaintiff with pay for alleged "unauthorized" entrance at Whitworth Hall prior to the start of his shift. This was unlawful retaliation for his complaints that the defendant was violating FLSA standards by failing to correctly pay overtime.

16. On or about November 28, 2017, Mr. Conway placed Plaintiff on probation for alleged poor performance.

17. Furthermore, Plaintiff was later called into a meeting with Julie Daniels and John Conway where he was strongly encouraged to resign. Defendant suggested Plaintiff would get unemployment benefits.

18. On February 2, 2018, Plaintiff filed an EEOC charge of discrimination against Defendant alleging race discrimination and retaliation in violation of Title VII of The Civil Rights Act of 1964. Plaintiff alleged that the discrimination and retaliation was associated with his wages.

19. On or about March 7, 2018, Plaintiff resigned his position due to continuing problems with overtime pay and retaliation for his complaints related to the overtime pay.

20. Defendant's failure to correctly pay overtime and its retaliation practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages. Defendants conduct was willful and showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation was in violation of the law.

## Count I

### Violation of FLSA -Failure to Pay Overtime

21. Plaintiff realleges and incorporates by reference paragraphs 1-20.

22. Defendant willfully and with reckless disregard failed to pay Plaintiff overtime due pursuant to the FLSA as described in part Sec 7(a)(1) of the FLSA.

23. Plaintiff was damaged by Defendant's failure to pay him overtime.

## Count II

### Unlawful Retaliation in Violation of FLSA

24. Plaintiff realleges and incorporates by reference paragraphs 1-23.

25. The FLSA applied to Plaintiff's employment with Defendant at all times relevant herein.

26. Section 215(a)(3) of the FLSA prohibits retaliation against an employee because he "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

27. In November of 2017, Plaintiff was suspended and later put on probation for alleged performance issues after nearly a year of making numerous complaints directly to his supervisors and Human Resources about Defendant's failure to correctly pay overtime. Defendant later called Plaintiff into a meeting encouraging Plaintiff to resign. Plaintiff eventually did resign.

28. Plaintiff's numerous complaints to Defendant constitute "a complaint" as defined by the Act and is protected activity under the FLSA.

29. Defendant's adverse employment actions were retaliatory and taken in direct response to Plaintiff's assertion of his rights under the FLSA.

30. As a direct, foreseeable, and proximate result of Defendant's actions, Plaintiff has suffered a loss of earnings and job benefits. He has also suffered financial hardships and continues to suffer emotional distress.

31. Defendants committed the acts herein alleged willfully, maliciously with the wrongful intent to injure Plaintiff.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court awards him:

a) Unpaid overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful acts, according to proof;

b) Liquidated damages in an amount equal to overtime wages unlawfully unpaid according to proof;

c) General, compensatory, and special damages according to proof;

d) Exemplary and punitive damages according to proof;

e) Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), and

f) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: February 28, 2020

Respectfully Submitted,

ANDRE WELLS

/Darrian A. Denman, MSB#105159
THE DGO LAW GROUP, PLLC
460 Briarwood Drive, Suite 400
Jackson, Mississippi 39206
Telephone: (601) 899-0141
Facsimile: (601) 709-4611